IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:09-CR-336-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| TRACY O'NEIL LYNCH, | ) | |
| | ) | |
| Defendant. | ) | |

On December 14, 2011, this court sentenced Tracy O'Neil Lynch ("Lynch") to 120 months' imprisonment for distributing a quantity of cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1) (count 2), and 60 months' imprisonment for possession of a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (count 4), to run consecutively. See [D.E. 56].

On March 28, 2014, Lynch filed a pro se motion for a reduction of his sentence under 18 U.S.C. § 3582(c)(2). See [D.E. 61]. Lynch argues that the Fair Sentencing Act's ("FSA") more lenient statutory penalties should retroactively apply to him. See id.; Dorsey v. United States, 132 S. Ct. 2321, 2329 (2012). On July 14, 2014, the government responded in opposition to Lynch's motion. See [D.E. 68].

At Lynch's December 2011 sentencing hearing, this court used the guidelines referenced in Amendments 750 and 759 of the United States Sentencing Guidelines, which implemented the FSA. See [D.E. 53]; [D.E. 67] 3–8. Thus, the court denies Lynch's motion for a sentence reduction under section 3582(c)(2). See, e.g., United States v. Munn, 595 F.3d 183, 187 (4th Cir. 2010).

Alternatively, even if Lynch were eligible for relief under section 3582(c) and Amendments 750 and 759, the court would decline to exercise its discretion to reduce his sentence on count two.

See United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 196–97 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). Lynch has a deplorable criminal history (PSR ¶¶ 11–16), has a poor work history (id. ¶¶ 32–39), and a history of violence. See id. ¶¶ 14–15. Having (again) reviewed the entire record, Lynch received the sentence that was sufficient but not greater than necessary under 18 U.S.C. § 3553(a). See, e.g., United States v. Perez, 536 F. App'x at 321; cf. [D.E. 67] 10–15; [D.E. 47] 20–25.

In sum, Lynch's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c) [D.E. 61] is DENIED. The clerk shall close the case.

SO ORDERED. This 30 day of July 2014.

JAMES C. DEVER III
Chief United States District Judge