IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-CR-336-D

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| TRACY O'NEIL LYNCH, ) | |
| ) | |
| Defendant. ) | |

On June 7, 2010, pursuant to a written plea agreement, Tracy O'Neil Lynch ("Lynch") pleaded guilty to distribution of more than 50 grams of cocaine base (crack) (count two) and possession of a firearm in furtherance of a drug-trafficking crime (count four). See [D.E. 1, 24, 25, 46]. On January 31, 2011, the court held Lynch's sentencing hearing. See [D.E. 40, 47]. At the hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR"). See Fed. R. Crim. P. 32(i)(3)(A)-(B). The court calculated Lynch's total offense level to be 29, his criminal history category to be III, and his advisory guideline range to be 108 to 135 months' imprisonment on count two, and 60 months' consecutive imprisonment on count four. See Resentencing Report. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Lynch to 120 months' imprisonment on count two and 60 months' consecutive imprisonment on count four. See [D.E. 47] 20–23. Lynch appealed. On August 22, 2011, the United States Court of Appeals for the Fourth Circuit vacated and remanded the case for resentencing due to the Fair Sentencing Act of 2010. See [D.E. 48].

On December 14, 2011, at Lynch's resentencing hearing, the court again calculated Lynch's total offense level to be 29, his criminal history category to be III, and his advisory guideline range to be 108 to 135 months' imprisonment on count two, and 60 months' consecutive imprisonment

on count four. See Resentencing Report. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court again sentenced Lynch to 120 months' imprisonment on count two, and 60 months' consecutive imprisonment on count four. See id.; [D.E. 55, 56].

On November 18, 2015, Lynch moved for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782. See [D.E. 72]. Lynch's new advisory guideline range on count two is 87 to 108 months' imprisonment, based on a total offense level of 27 and a criminal history category of III. See Resentencing Report. Lynch requests a 97-month sentence on count two, and a 60 month consecutive sentence on count four. See id.; [D.E. 72] 2,4. On February 23, 2016, the government responded in opposition. See [D.E. 73].

The court has discretion to reduce Lynch's sentence on count two under Amendment 782. See, e.g., Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Peters, 843 F.3d 572, 574 (4th Cir. 2016); United States v. Patterson, 671 F. App'x 105, 105–06 (4th Cir. 2016) (per curiam) (unpublished); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Mann, 709 F.3d 301, 306–07 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce Lynch's sentence, the court finds that Lynch engaged in serious criminal behavior. See PSR ¶¶ 6–9; see also Sentencing Tr. [D.E. 47] 5–13. Moreover, Lynch is a violent recidivist and has convictions for attempted criminal sale of a controlled substance, possession with intent to manufacture, sell, or deliver cocaine, driving while license revoked, simple assault, assault on a female, and trafficking in cocaine. See PSR ¶¶ 11–16. Lynch also has performed poorly on supervision and has a spotty work history. See id. ¶¶ 19, 32–39.

2

Nonetheless, Lynch has taken some positive steps while incarcerated on his federal sentence. See Resentencing Report; cf. Pepper v. United States, 562 U.S. 476, 491 (2011).

Having reviewed the entire record and all relevant policy statements, the court finds that Lynch received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a). Further reducing Lynch's sentence would threaten public safety in light of his serious criminal conduct and serious criminal history. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Thus, the court denies Lynch's motion for reduction of sentence under Amendment 782. See, e.g., Patterson, 671 F. App'x at 105–06; Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

In sum, the court DENIES Lynch's motion for reduction of sentence [D.E. 72].

SO ORDERED. This 5 day of May 2018.

JAMES C. DEVER III
Chief United States District Judge