IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-CR-336-D

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| TRACY O'NEIL LYNCH, ) | |
| ) | |
| Defendant. ) | |

On June 23, 2020, Tracy O'Neil Lynch ("Lynch" or "defendant") moved pro se for relief under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018) [D.E. 78]. On January 25, 2021, Lynch moved for appointment of counsel [D.E. 80]. The court appointed counsel, but counsel withdrew. See [D.E. 81–84]. As explained below, the court denies Lynch's motion for reduction of sentence.

I.

On June 7, 2010, pursuant to a written plea agreement, Lynch pleaded guilty to distribution of more than 50 grams of cocaine base (crack) (count two) and possession of a firearm in furtherance of a drug-trafficking crime (count four). See [D.E. 1, 24, 25, 46]. On January 31, 2011, the court held a sentencing hearing and adopted the facts set forth in the Presentence Investigation Report ("PSR"). See Fed. R. Crim. P. 32(i)(3)(A)–(B); [D.E. 40, 47]. The court calculated Lynch's total offense level to be 29, his criminal history category to be III, and his advisory guideline range to be 108 to 135 months' imprisonment on count two, and 60 months' consecutive imprisonment on count four. See [D.E. 47] 13. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Lynch to 120 months' imprisonment on count two and 60 months' consecutive

imprisonment on count four. See id. at 20–23. Lynch appealed [D.E. 38]. On August 22, 2011, the United States Court of Appeals for the Fourth Circuit vacated and remanded the case for resentencing due to the Fair Sentencing Act of 2010. See [D.E. 48].

On December 14, 2011, at Lynch's resentencing hearing, the court again calculated Lynch's total offense level to be 29, his criminal history category to be III, and his advisory guideline range to be 108 to 135 months' imprisonment on count two, and 60 months' consecutive imprisonment on count four. See Sentencing Tr. [D.E. 67] 1–4. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court again sentenced Lynch to 120 months' imprisonment on count two, and 60 months' consecutive imprisonment on count four. See id. at 10–14. Lynch did not appeal.

On November 18, 2015, Lynch moved for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782. See [D.E. 72]. On May 5, 2018, the court recalculated Lynch's advisory guideline range to be 87 to 108 months' imprisonment on count two, but denied Lynch's motion. See [D.E. 74] 2–3.

On August 3, 2010, Congress enacted the Fair Sentencing Act of 2010 ("Fair Sentencing Act"), Pub. L. No. 111-220, 124 Stat. 2371, 2372 (codified as amended at 21 U.S.C. § 801, et seq.). Section 2 of the Fair Sentencing Act reduced statutory penalties by increasing the drug quantities necessary to trigger certain statutory minimums and maximums. For example, the amount of cocaine base (crack) necessary to trigger a 5 to 40 year sentence increased from 5 to 28 grams. Likewise, the amount of cocaine base (crack) necessary to trigger a 10 year to life sentence increased from 50 grams to 280 grams. See id. § 2, 124 Stat. at 2372.

On December 21, 2018, the First Step Act went into effect. See First Step Act, 132 Stat. at 5249. The First Step Act makes the Fair Sentencing Act's reductions in mandatory minimum

2

sentences apply retroactively to defendants who committed their "covered offense" of conviction before August 3, 2010. See id. § 404(a), 132 Stat. at 5222. Section 404(a) defines "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . . that was committed before August 3, 2010." Id. Under the First Step Act, a "court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." Id. § 404(b), 132 Stat. at 5222. A court that modifies a sentence under the First Step Act does so under 18 U.S.C. § 3582(c)(1)(B), which allows a court to "modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute." 18 U.S.C. § 3582(c)(1)(B); see United States v. Collington, No. 19-6721, 2021 WL 1608756, at *4 (4th Cir. Apr. 26, 2021); United States v. Woodson, 962 F.3d 812, 815–17 (4th Cir. 2020); United States v. Chambers, 956 F.3d 667, 671 (4th Cir. 2020); United States v. Wirsing, 943 F.3d 175, 183 (4th Cir. 2019); United States v. Alexander, 951 F.3d 706, 708 (6th Cir. 2019). If a defendant qualifies, courts may consider a motion for a reduced sentence only if the defendant did not previously receive a reduction pursuant to the Fair Sentencing Act and did not have a motion under the First Step Act denied "after a complete review of the motion on the merits." First Step Act § 404(c), 132 Stat. at 5222.

Under the First Step Act, the district court adjusts the sentencing guideline calculations "as if the current lower drug offense sentences were in effect at the time of the commission of the offense." United States v. Curry, 792 F. App'x 267, 268 (4th Cir. 2020) (per curiam) (unpublished) (quotation omitted); see Collington, 2021 WL 1608756, at *6; Chambers, 956 F.3d at 671–72. "Nothing in . . . section [404(c) of the First Step Act]," however, "shall be construed to require a court to reduce any sentence pursuant to this section." First Step Act § 404(c), 132 Stat. at 5222; see,

3

e.g., Collington, 2021 WL 1608756, at *7; United States v. Gravatt, 953 F.3d 258, 261 (4th Cir. 2020); Wirsing, 943 F.3d at 184–86; United States v. Barnes, No. 3:94cr80 (DJN), 2020 WL 1281235, at *3 (E.D. Va. Mar. 17, 2020) (unpublished); United States v. Latten, No. 1:02CR00011-012, 2019 WL 2550327, at *1–4 (W.D. Va. June 20, 2019) (unpublished).

Lynch engaged in serious, prolonged drug trafficking from approximately 1998 to 2008. See PSR ¶¶ 6–9. Lynch's January 2011 conviction is a covered offense under section 404(a) of the First Step Act because he was convicted of an offense whose statutory penalties were modified by the Fair Sentencing Act that was committed before August 3, 2010. See First Step Act § 404(a), 132 Stat. at 5222; United States v. McDonald, 986 F.3d 402, 404 (4th Cir. 2021) ("The First Step Act applies to any defendant who was convicted of an offense whose statutory penalties were modified by section 2 or 3 of the Fair Sentencing Act of 2010 that was committed before August 3, 2010.") (quotation omitted). Thus, Lynch is eligible for sentence reduction.

Lynch's advisory guideline range on count two is 87 to 108 months' imprisonment, based on a total offense level 27 and criminal history category III. See [D.E. 74] 2; [D.E. 78] 4–5. The court has completely reviewed the entire record, Lynch's arguments, the advisory guideline range, and all relevant factors under 18 U.S.C. § 3553(a). See Chavez-Mesa v. United States, 138 S. Ct. 1959, 1966–68 (2018); Chambers, 956 F.3d at 671–75; United States v. May, 783 F. App'x 309, 310 (4th Cir. 2019) (per curiam) (unpublished). As for Lynch's offense conduct, Lynch engaged in serious, prolonged drug dealing between 1998 and 2008. See PSR ¶¶ 6–9. Lynch is accountable for distributing a large amount of cocaine base (crack), 28 grams of marijuana, and 1.9 grams of methamphetamine. See Sentencing Tr. [D.E. 47] 6–13. Lynch also possessed two firearms in connection with his drug trafficking activities. See PSR ¶¶ 6–13. Moreover, Lynch is a violent recidivist with convictions for attempted criminal sale of controlled substance – 5th degree;

4

possession with intent to manufacture, sell, or deliver cocaine; fleeing or eluding arrest with a motor vehicle; driving while license revoked; simple assault; assault on a female; and trafficking in cocaine (two counts). See id. ¶¶ 11–16. Lynch also has performed poorly on probation and has a spotty work history. See id. ¶¶ 19, 32–39. Nonetheless, Lynch has taken some positive steps while incarcerated. See [D.E. 78] 5–8; [D.E. 78-1]; cf. Pepper v. United States, 562 U.S. 476, 480–81 (2011); United States v. High, No. 20-7350, 2021 WL 1823289, at *3 (4th Cir. May 7, 2021); United States v. McDonald, 986 F.3d 402, 412 (4th Cir. 2021); United States v. Martin, 916 F.3d 389, 398 (4th Cor. 2019). In light of Lynch's prolonged, serious criminal conduct, criminal record, poor performance on probation, the need to promote respect for the law, the need to deter others, the need to protect society, and the need to incapacitate Lynch, the court declines to reduce Lynch's sentence. See, e.g., 18 U.S.C. § 3553(a); Chavez-Mesa, 138 S. Ct. at 1966–68; High, No. 20-7350, 2021 WL 1823289, at *3; Chambers, 956 F.3d at 671–75; Barnes, 2020 WL 1281235, at *3; Latten, 2019 WL 2550327, at *1–4.

In reaching this decision, the court has considered the entire record, Lynch's arguments, and the section 3553(a) factors. However, even if the court miscalculated the advisory guideline range, it still would not reduce Lynch's sentence in light of the entire record and the section 3553(a) factors. See 18 U.S.C. § 3553(a); United States v. Gomez-Jimenez, 750 F.3d 370, 382–86 (4th Cir. 2014); United States v. Hargrove, 701 F.3d 156, 161–65 (4th Cir. 2012).

II.

In sum, the court DENIES Lynch's motion for reduction of sentence [D.E. 78].

SO ORDERED. This _13_ day of May 2021.

JAMES C. DEVER III
United States District Judge

5